IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DARRELL AVERY, #357310<br>    Petitioner,<br>v.<br><br>B. SHEARIN, et al.<br>    Respondents. | *<br><br>*  CIVIL ACTION NO. RWT-11-330<br><br>*<br>*** |

**MEMORANDUM OPINION**

On February 7, 2011, the Court received for filing this 28 U.S.C. § 2254 Petition for writ of habeas corpus. ECF No. 1. This is the first § 2254 petition filed by Petitioner who appears to argue that he was provided ineffective assistance of counsel. Petitioner claims that his public defender "told him" to "copp out to life with parole," but when he received his commitment papers it showed that he had been sentenced to life without parole. ECF No. 1 at 6. Petitioner asks the Court to "pick my case up so I can get parole." *Id.*

On February 14, 2011, Respondents were ordered to file a limited answer addressing the timeliness of the Petition, and Petitioner was granted additional time to file a reply. ECF No. 3. On March 30, 2011, Respondents filed an answer to Petitioner's habeas corpus petition. ECF No. 4. Petitioner has not filed a reply.

On June 10, 2009, Petitioner entered guilty pleas on charges of first-degree murder in *State v. Avery*, Criminal No. 03-K-07004609, and first-degree assault in *State v. Avery*, Criminal No. 03-K-07004794, in the Circuit Court of Maryland for Prince George's County. ECF No. 4 at Exs. 1 & 2. On the first-degree murder charge, Avery was sentenced to life imprisonment. *Id.* Ex. 1 at 4. On the first-degree assault charge, Avery was sentenced to twenty-five years imprisonment. *Id.* Ex. 2 at 4. Petitioner did not file for leave to appeal the entry of his guilty pleas and sentences. Therefore, pursuant to Md. Rule 8-204(b), his judgments of conviction became final on July 10, 2009, when the

time for filing an application for leave to appeal expired.

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, a one-year period of limitation applies to habeas challenges to non-capital state court convictions. *See* 28 U.S.C. § 2244(d).[1] This one year period is tolled while properly filed post-conviction proceedings are pending.

Petitioner had until July 9, 2010, to seek federal habeas corpus relief. The Petition was not filed until February 3, 2011, more than nineteen months after the expiration of the limitation period,

---

[1] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

and is therefore untimely. Because petitioner did not seek state post-conviction or collateral review of his convictions, the statute of limitation was not tolled under 28 U.S.C. § 2244(d)(2).

Petitioner seeks to excuse the untimeliness of his petition by claiming that he "didn't know [he] had to file this petition." ECF No. 1 at 8. To the extent that Petitioner is arguing that the one-year limitation period should be equitably tolled due to his lack of knowledge of the law, this claim is unavailing. Equitable tolling applies only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). In *Holland v. Florida,* 130 S. Ct. 2549 (2010), the Supreme Court held that in order to be entitled to equitable tolling the movant must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented the timely filing of the petition. *Id.* at 2562. Ignorance of the law is insufficient to entitle Petitioner to equitable tolling. *See Rouse v. Lee*, 339 F.3d 238, 248-249 (4th Cir. 2003). For this reason, the Petition shall be dismissed with prejudice.

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue [] if the prisoner shows, at least, that . . . jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484. Petitioner does not satisfy this standard, and the Court declines to issue a certificate of appealability.

Date: <u>May 18, 2011</u>               <u>          /s/          </u>
                                ROGER W. TITUS
                       UNITED STATES DISTRICT JUDGE